UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>v.<br><br>MILAN KRYSTLIK,<br><br>         Defendant. | Case No.:  16-mj-3365-NLS-1<br><br>**ORDER DENYING REQUEST FOR BAIL IN AN EXTRADITION MATTER** |

**Relevant Background.**

  Mr. Krystlik has been living in the United States for nearly 18 years.  The United States Marshal Service (USMS) arrested Milan Krystlik on November 3, 2016 on a complaint and warrant seeking his extradition pursuant to a treaty between the U.S. and the Czech Republic.  Mr. Krystlik is currently in the custody of the USMS.

  In December 1997, Mr. Krystlik was tried, convicted and sentenced in the Municipal Court of Prague for Forgery and Alteration of a Public Document and Fraud. He received a two year sentence of imprisonment that was conditionally postponed for five years, and he was ordered to immediately repay the damage. The Czech government appealed the sentence.  On appeal, the High Court in Prague vacated the two-year sentence and imposed a five-year prison sentence in 1998.  On December 11, 2002, the Municipal Court in Prague, Czech Republic issued a warrant for his arrest.

**Applicable Law.**

The federal law governing extradition does not provide for bail. 18 U.S.C. § 3184; *Kamrin v. United States*, 725 F.2d 1225, 1227–28 (9th Cir. 1984). An extradition proceeding is not a criminal proceeding, so neither the Bail Reform Act nor the Federal Rules of Criminal Procedure or Evidence apply. *Id.*

There is a strong presumption against bail in extradition cases. *Wright v. Henkel*, 190 U.S. 40, 61-62 (1903). The United States has a treaty obligation to deliver the person, as forfeiture of bond would not satisfy its treaty obligation. *Id.* at 62. The person sought for extradition is already a fugitive, and it is important for the United States to honor its treaty obligations in order to get reciprocity from other nations. *Id.*

Federal courts have uniformly held that bail shall not be granted except under "special circumstances." *Matter of Extradition of Maniero*, 950 F.Supp. 290, 294 (S.D. Cal. 1994). The burden is on the fugitive to demonstrate special circumstances to overcome the presumption against bail. *Id.* (citing *Matter of Extradition of Nacif–Borge*, 829 F.Supp. 1210, 1215 (D.Nev.1993)). The majority of courts apply a "clear and convincing evidence" standard while a minority applies a "preponderance of the evidence" standard. *See Nezirovic v. Holt*, 990 F.Supp. 2d 594, 599 n.1 (W.D. Va. 2013) (citing cases that support both views).

The absence of flight risk itself is not a "special circumstance." *Id.* at 605. So, to qualify for bail, a fugitive must meet a two-part test: (1) not a flight risk; and (2) special circumstances exist that warrant bail. *See id.*

**Discussion.**

Mr. Krystlik argues he is not a flight risk because he has been in the U.S. for approximately 18 years, he has a U.S. citizen wife and sister, his mother is a permanent resident, and he owns a home here. His family all lives in San Diego County. He further argues that he has been aware of the allegations in this extradition matter for seven years, he filed an asylum petition three years ago, and he has been free on a $10,000 immigration bond for that whole time. He has no criminal history in the United States.

According to his submission, Mr. Krystlik has never used a false name or concealed his whereabouts, and the Czech Republic has known his address for a long time.

Mr. Krystlik argues that special circumstances exist for his release on bond because he bases his asylum request on a threat received by a friend in the United States, which said that if he ever came back to the Czech Republic and tried to reopen his case, Mr. Krystlik would face "death." He points out that the asylum petition is directly related to the extradition request. At the hearing, Mr. Krystlik explained that there are also questions surrounding his conviction because he was convicted under communist law and the change from the probationary sentence to the custodial sentence is suspect. He said that today, in the Czech Republic, a lawyer filed on his behalf a motion to reopen the criminal proceedings to challenge the validity of the conviction.

The Government argues that Mr. Krystlik is a flight risk because he fled to the U.S. after being tried, convicted and sentenced in the Czech Republic. Thus, it argues, further flight to another country is a real possibility. Because Mr. Krystlik is a fugitive and a flight risk, it submits that the court need go no further and consider special circumstances to warrant his release, and that in any event, there are none.

This court finds that given the length of time he has lived in the United States, his lack of criminal history, his family connections here and his pending asylum petition, Mr. Krystlik is a low risk of flight. The real question, therefore, is whether special circumstances warrant his release on bond.

Living openly in the United States for 18 years is not sufficient to show a special circumstance because the passage of time between the defendant's conduct and the extradition request does not necessarily constitute a "special circumstance." *See U.S. v. Leitner*, 784 F.2d 159 (2d Cir. 1986) (affirming the denial of bond to an Israeli charged with various acts of violence against Arabs even though the fugitive had been living openly in the U.S. for years and went to law school here). And here, the passage of time seems due as much to Mr. Krystlik's flight from his country as it is due to any lack of diplomatic interest in him.

Further, the presence of his U.S. citizen family in San Diego and lack of criminal history in the United States is not enough to warrant special circumstances because such circumstances are not unique. *Id.* at 161. Finally, the pending Political Asylum Petition that details a lengthy history of problems between him and his family with the government of the Czech Republic, and for which he has been free on a $10,000 immigration bond for three years, does not constitute special circumstances. Even though a pending asylum petition was held to constitute a "special circumstance" in *U.S. v. Castaneda-Castillo*, 739 F.Supp.2d 49 (D. Mass. 2010), the record there showed that Castenada was not a participant in the crimes for which he was charged whereas here, Mr. Krystlik has been tried, convicted and sentenced for the crimes with which he was charged. The court in *Nezirovic* noted a similar distinction because Nezirovic did not contest probable cause to believe he committed the crimes charged by Bosnia. 990 F.Supp.2d at 599-604.

**Order.**

In sum, Mr. Krystlik has not shown any of the special circumstances that would warrant the setting of bail. Although the court does not see him as a serious flight risk given the length of time he has lived here, his lack of criminal history here, his family connections here, and his pending asylum petition, a low risk of flight is not a sufficiently "unique" circumstance to warrant the setting of bail. Therefore, the court **ORDERS** Mr. Krystlik detained.

**IT IS SO ORDERED.**

Dated: November 23, 2016

*/s/ Nita L. Stormes*
Hon. Nita L. Stormes
United States Magistrate Judge